UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>ABDIRASHID AHMED       ) | No. 2:18-cr-00062-JDL |

**GOVERNMENT'S VERSION OF THE OFFENSE**

Had the case proceeded to trial, the evidence would have shown beyond a reasonable doubt that from approximately December 2014 through approximately May 2018, this defendant executed a scheme to defraud MaineCare in connection with the delivery of or payments for healthcare services.

The evidence would include testimony from lay witnesses, law enforcement personnel involved in the investigation, and public agency records and recordings of meetings made by law enforcement personnel. This evidence would establish the facts outlined below.

For all times relevant to this case, Medicaid was a health care benefit program funded with federal and state funds. It was administered by the U.S. Department of Health and Human Services and by state agencies. In Maine, Medicaid was part of MaineCare and was administered by the Maine Department of Health and Human Services.

Defendant Ahmed was an interpreter who provided interpreter services in conjunction with services provided by MaineCare approved healthcare providers of mental health counseling.

MaineCare would reimburse healthcare providers who used interpreter services when interpretation services were necessary and reasonable for the provider to communicate effectively with members regarding health needs. Interpreter services were only covered in

conjunction with another MaineCare covered service. Interpreter services were billed in units of 15 minute intervals.

MaineCare data shows that beginning in approximately December 2014, E.D. (identified as Provider B in the Indictment) a provider with whom defendant was providing interpreter services, began submitting claims for 10 units each which meant the defendant claimed each visit lasted 2.5 hours. These claims were fraudulent because the visits were substantially shorter in duration than 2 ½ hours.

MaineCare data shows that beginning in approximately June 2015, H.B. (identified as Provider A in the Indictment) a provider with whom defendant was providing interpreter services, began submitting claims for 10 units each which meant this provider claimed each visit lasted 2.5 hours. These claims were fraudulent because the visits were substantially shorter in duration than 2 ½ hours.

A review of the claims data revealed that H.B. submitted claims for services (and interpreter services) to beneficiaries on numerous days where more than 10 hours of services were claimed to have been rendered and at least one day when more than 24 hours of services were rendered.

In the spring of 2017, investigators conducted surveillance on this H.B.'s office on several occasions. On some days, the investigators observed no clients visit the office. On at least one occasion, they observed that the office appeared to be closed. On occasions where the investigators observed any clients visit the practice, the agents observed that the visits were very brief, lasting approximately 10-15 minutes. After the agents conducted surveillance, they reviewed the claims submitted by H.B. on the dates of surveillance and they discovered that on

each of these days, the provider submitted claims for numerous patient visits (and interpreter services) that each lasted 2.5 hours.

In June 2017, investigators interviewed H.B. She admitted that she had been submitting false claims to MaineCare since 2015 for both her services and the interpreter services. She admitted that she submitted claims for visits that never occurred. She further admitted that many of her visits were short visits but that she billed every visit for 2.5 hours.

In the fall of 2017, H.B. met with defendant and they discussed an arrangement where defendant would bring Somali patients to H.B. and that H.B. would bill 7 units even though the visits would be much shorter in duration. Defendant stated that he would create documentation that would make it appear H.B. saw the patients for 7 units in case H.B. was audited by MaineCare. Investigators recorded these discussions between H.B. and the defendant. After making this agreement, defendant brought some Somali patients to H.B. over the course of several days. The visits were very short (lasting no more than approximately 15-20 minutes). The defendant provided documentation to H.B. that falsely stated the time of the visits lasted 7 units; in addition, the defendant provided documentation claiming interpreter services were provided for other persons that H.B. did not see. H.B. paid defendant for all these false and fraudulent claims using law enforcement provided funds.

Defendant also provided interpreter services at Facing Change, a mental health counseling agency. In February 2015, a person on Facing Change's behalf agreed to pay the defendant a 10% premium above and beyond his fees to keep the defendant referring clients to Facing Change. This 10% premium was paid until approximately May 2016.

At Facing Change, the defendant worked mostly with a case manager. In late 2015, this case manager also began submitting fraudulent bills to MaineCare for visits that did not occur or

were of less duration than billed.  The case manager produced documentation that also was false to support the fraudulent bills that were submitted.  These fraudulent claims continued until approximately April 2018.

A review of Mainecare data reveals that MaineCare reimbursed each of the providers for the false and fraudulent claims they submitted for services and the interpreter services. Bank records show that the providers paid the defendant or companies affiliated with defendant for the false and fraudulent claims that the providers submitted.

Dated at Portland, Maine this 23rd day of May, 2019.

                    HALSEY B. FRANK
                    UNITED STATES ATTORNEY

                    /s Daniel J. Perry
                    Daniel J. Perry
                    Assistant U.S. Attorney
                    U.S. Attorney's Office
                    100 Middle St.
                    Portland, ME 04101

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

### CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019 I filed the foregoing Government's Version of the Offense via ECF which will cause a copy to be sent to the following:

Peter Rodway, Esq.

/s/Daniel J. Perry
Assistant United States Attorney